# CIRCUIT COURT OF HENRICO COUNTY

Flournoy
and Hughes

    v.

Commonwealth of Virginia
Board for Contractors

October 29, 2009

Case No. CL09-1089

BY JUDGE CATHERINE C. HAMMOND

    This matter is before the Court on an appeal of an agency decision. Va. Code § 2.2-4026.

    Petitioners submitted two claims for payment from the Contractor Transactions Recovery Fund. The two claims were based on two contracts with one building contractor, Jeffrey Rose. The Fund, administered by the Board for Contractors, provides relief to consumers who have incurred losses through the improper or dishonest conduct of a licensed contractor. Va. Code § 54.1-1120(A). In effect, the Board granted one of Petitioners' claims (File number 2009-683) and denied the other (File number 2009-684). In its Final Opinion and Order, the Board decided, "the intent of the parties was that the two contracts were part of the same transaction." The facts before the Board showed that, in 2007, Mr. Flournoy entered into two written contracts with Mr. Rose. The first was signed on June 24, 2007 (pp. 42-46). (Page references are to the record file in this Court pursuant to Rule 2A:3.) In this contract, Mr. Rose agreed to build a four by fourteen single story addition, replace an existing screened porch, remove the existing second floor laundry area to create a two story foyer, build a new staircase, install the washer and dryer in garage area, and build a new twenty by ten front porch with a roof. The total

price was $45,200. In partial payment of the first contract, Petitioners advanced to Mr. Rose $10,170 and made three more payments, between September 10, 2007, and January 4, 2008, totaling $11,200. The second contract was signed on November 22, 2007 (pp. 66-68). This was before Mr. Rose completed the work on the first contract. In the second contract, Mr. Rose agreed to remove upstairs carpeting, remove bathroom cabinets and countertops, faucets, and vinyl flooring from the second floor bathroom, remove three toilets, remove all laminate flooring on first floor, remove kitchen cabinets, disconnect the kitchen sink, faucet, and garbage disposal, install hardwood flooring on the first and second floors, install new kitchen cabinets, install new vanities, install new granite countertops, install new faucets, install ceramic tile in the bathroom, and install three toilets. The total price was $33,132.35. Petitioners paid Mr. Rose $16,566.18, one-half the price, at the time of the second agreement.

Mr. Rose never finished either project. His conduct was improper and dishonest because, *inter alia*, he had a Class C contractor's license, which limited him to projects of $7,500 or less. Va. Code § 54.1-1100. He also misrepresented one project's value with Henrico County to obtain a building permit, and he failed to obtain a permit for the other project.

Petitioners obtained two default judgments against Mr. Rose in Henrico General District Court. Each judgment was in the amount of $15,000, plus annual interest at the rate of 6 percent, plus attorney's fees of $3,750. When Petitioners could not collect on the judgments, they made two claims from the Fund.

The Board's decision that the two contracts were "part of the same transaction" limited the amount Petitioners could recover from the Fund. If an unpaid judgment against the contractor arises out of misconduct "of one regulant in connection with a single transaction," the maximum amount of recovery is $20,000. Va. Code § 54.1-1123(A). If more than one transaction is at issue, the statute limits the maximum for aggregated claims to $40,000 during any two-year period. Va. Code § 54.1-1123(B).

As the reviewing Court I give great deference to the Board's factual conclusions. *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 269 (1983). In reviewing the factual findings of an administrative agency, "[t]he duty of the court with respect to issues of fact is limited to ascertaining whether there was substantial evidence in the agency record upon which the agency as the trier of the facts could reasonably find them to be as it did." (quoting Va. Code 9-6.14:17). (The current statute, § 2.2-4027 has the same provision.) Under the substantial evidence standard, "the court may reject the agency's findings of fact 'only if, considering the record as a whole, a reasonable mind would

*necessarily* come to a different conclusion'." *Bias*, 226 Va. at 269 (quoting B. Mezines, *Administrative Law*, § 51.01 (1981) (emphasis in original). The key to this analysis here is the necessity of "evidence" in the agency record.

I have carefully reviewed the record to look for evidence that Mr. Rose's misconduct was in connection with a single transaction. There is no evidence that the contracts were overlapping in the nature or description of the work. Each contract contained written descriptions of work in different parts of Petitioners' house. In the first contract, Mr. Rose agreed to build two outside porches and tear out the upstairs laundry room to enlarge the foyer. In the second contract, Mr. Rose agreed to pull up old carpeting and install interior hardwood floors and to renovate extensively the kitchen and bathrooms. The outside construction had no connection to the interior projects.

The only evidence offered by the agency to support the opinion is that the dates of the two projects overlapped. On page 96, the recommendation adopted by the Board states:

> In my opinion, the contracts entered into by the claimants and the regulant should be considered as one project and should be considered as a single transaction. *The claimants entered into a second contract with regulant during the time the first contract work was performed.*

(Emphasis added.) Other than this statement, the record is essentially devoid of factual findings. The transcript of the informal fact-finding conference does not contain any findings of fact (pp. 1-16). It contains questions by the trier of fact, but no record that the trier of fact determined any facts. Thus, I have a record that simply does not show the basis of the Board's decision, except for the single statement, quoted above, with respect to the dates of the formation and performance of two contracts.

I do not see how the fact that Mr. Rose had not completed the first contract can constitute substantial evidence in support of the agency's conclusion of law that there was a single transaction, especially when there is undisputed evidence to support the existence of two transactions. The undisputed contrary evidence is that there were two separate writings, two descriptions of different projects, two separate prices and payments to Mr. Rose that were keyed specifically to the different transactions. After careful review of the record, I cannot find relevant evidence that is adequate to support the conclusion that there was a single transaction. A reasonable mind would conclude that Mr. Rose's misconduct was in connection with two transactions within the meaning of § 54.1-1123.

430

Section 2.2-4030 provides that, in appeals of an agency action, the Petitioners "shall be entitled to recover from that agency . . . reasonable costs and attorneys' fees if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust." For the reasons stated above, the agency's position was not justified by the record, which contains almost no findings of fact and instead contains statements of opinion without the basis revealed. Petitioners have completely prevailed on the merits and should recover the attorney's fees that Mr. Patterson filed in court, in the amount of $6,256.25. The attorney billing descriptions show that the work was necessary and the amounts are reasonable or even modest.